IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| SHAQUAN ANTHONY MCNEIL, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 15-678-GMS ) |
| JUDGE CALVIN SCOTT, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Shaquan Anthony McNeil ("McNeil"), a pretrial detainee at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

## I. BACKGROUND

McNeil initiated this action in August 2015 alleging unlawful detention. McNeil alleges that on February 22, 2013, he was granted an appeal that provided he should have been credited with 90 days time served while awaiting to resolve his criminal case.[1] McNeil alleges that he never had an appeal hearing and, on May 16, 2013, at another violation hearing he was ordered to

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[1] On February 21, 2013, the Delaware Supreme Court found that the Superior Court's sentence failed to credit McNeil with all time previously served on his original sentence and remanded the matter to the Superior Court for further proceedings. *See McNeil v. State*, 62 A.3d 1224 (table) (2013).

continue his previous sentence of six months level 5 followed by six months level 4 with no probation, and with no credit or time served for the time in 2012.

McNeil contacted the chambers of the defendant Superior Court Judge Calvin Scott ("Judge Scott"), the courthouse, the staff of Sussex Violation of Probation and Deputy Warden Evans at Plummer House Work Release ("Plummer"), to no avail. McNeil was not released, and alleges that he was sent to Plummer even though there was no sentencing order in the system. McNeil was ultimately released on July 12, 2013 and placed on probation because his sentence had yet to be corrected. Twelve days later, McNeil was charged with violating his probation after he contacted his children's mother. He alleges that he was released from probation at his violation of probation hearing. McNeil was incarcerated for thirteen days until he was released on bail. He seeks compensatory damages for unlawful detention.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because McNeil proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant McNeil leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at

3

346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

McNeil has named defendants who are immune from suit. The State of Delaware and Department of Justice are immune from suit by reason of the Eleventh Amendment of the United States Constitution which protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Judge Scott has absolute judicial immunity as a judicial officer in the performance of his duties and he is not be liable for her judicial acts. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).

Therefore, the court will dismiss the complaint as the defendants are immune from suit.

## IV. CONCLUSION

The court will dismiss the complaint based upon the defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). In light of the nature of McNeil's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d

Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Dec 10, 2015
Wilmington, Delaware